UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TOMPSON RIGGS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 1:20-cv-000940-HBK<br><br>ORDER TAKING NO FUTHER ACTION ON ORDER TO SHOW CAUSE<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LIMITED ENLARGEMENT OF TIME TO SERVE PROCESS<br><br>Doc. No. 8 |

　　　Pending before the Court is Plaintiff's Response to the Court's Order to Show Cause, construed to also incorporate a motion for an enlargement of time to complete service of process, filed January 22, 2020. Doc. No. 8. On January 14, 2021, the Court directed Plaintiff to show cause within ten (10) days why the case should not be dismissed for lack of prosecution and/or provide proof of return of service of process on the Commissioner, or voluntarily dismiss the action. *See* Doc. No. 7. Plaintiff timely filed a response and explains that he did not know he was required to complete service of process. *See* Doc. No. 8 at 1. Plaintiff states he has not had formal legal training and that he takes opioid pain medication that interferes with his cognitive abilities. *Id.* Plaintiff further states that "after hours of internet search and instruction," he has the required documents and instructions" and requests more time to return the service of process forms. *Id.*

1

Plaintiff assures that he will now provide the service forms to the Court in a timely manner. *Id.*

Fed. R. Civ. P. 4(m) requires a plaintiff serve a defendant with process within 90 days after filing a complaint. Specifically, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

On July 9, 2020, the Court granted Plaintiff *in forma pauperis* status, directed the Clerk to issue summons and directed the U.S. Marshal to serve the Commissioner. *See* Doc. No. 3. The Clerk issued summons that same day. *See* Doc. No. 4. Attached to its Scheduling Order issued the same day (Doc. No. 5), was the Court's "Order re Consent or Request for Reassignment" (Doc. No. 5-1, 5-2) and "Instructions for Service of Social Security Appeals" (Doc. No. 5-5) advising Plaintiff of what he needed to provide to the Clerk for the U.S. Marshal to effectuate service. Due to Plaintiff's *pro se* status, the Court will grant Plaintiff an enlargement of time to complete the necessary forms so the U.S. Marshal can effectuate service. Plaintiff's failure to timely return the service of process forms to the Clerk will result the dismissal of this action under Fed. R. Civ. P. 41(d). *See White v. Commissioner of Social Security*, Case No. 2:13-cv-0660WBS-KJN, 2014 WL 1027523 (E.D. Ca. March 17, 2014) (after permitting plaintiff another opportunity to return completed service forms, submitting a findings and recommendation of dismissal to the district court).

Accordingly, it is **ORDERED**:

1. No further action will be taken on the Court's January 14, 2021 Order to Show Cause.

2. Plaintiff's motion for enlargement of time (Doc. No. 8) is **GRANTED** to the extent that Plaintiff must submit completed service of process forms to the Court, along with the Consent to

Assignment or Request for Reassignment within **twenty-one (21) days** of the date on this Order.

3. No further enlargements of time will be permitted. Failure to comply with result in the dismissal of this action without further notice.

4. The **Clerk of Court** shall provide Plaintiff with a courtesy copy of the July 9, 2020 Scheduling Order with all attachments (Doc. No. 5) for his use in completing the necessary forms with this Order.

IT IS SO ORDERED.

Dated:    January 28, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3