UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TOMPSON RIGGS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:20-cv-00940-HBK<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION<br><br>FOURTEEN-DAY DEADLINE |

　　　　This matter comes before the Court upon periodic review of the file. Plaintiff initiated this action proceeding pro se on July 7, 2020. (Doc. No. 1). The Court granted Plaintiff's motion for leave to proceed *in forma pauperis.* (Doc. No. 3). On July 9, 2020, the Clerk issued summons (Doc. No. 4) and a scheduling order issued (Doc. No. 5). Due to lack of record activity, the undersigned issue an order to show cause directing Plaintiff to show cause why the action should not be dismissed or show proof of service on the commissioner on January 14, 2021. (Doc. No. 7). Plaintiff responded to the order to show cause and the Court executed service on the Commissioner. (Doc. Nos. 8, 9,11). On March 31, 2022, the Court lifted the stay and directed the Commissioner to file the certified administrative record ("CAR"). (Doc. No. 15). On April 25, 2022, the Commissioner lodged the CAR, triggering certain deadlines, including the deadline by which Plaintiff was to file a motion for summary judgment. (Doc. No. 16). Specifically, after the Commissioner filed the CAR, Plaintiff was to file a motion for summary

judgment within forty-five days.  (Doc. No. 15 at 2, ¶3).  As of the date on this Show Cause Order, Plaintiff has not filed a motion for summary judgment.

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

It is unclear whether Plaintiff wishes to pursue this action since he has not complied with the Court's order.  Accordingly, Plaintiff must show cause in writing within fourteen days of receipt of this order why this action should not be dismissed for lack of prosecution.  Additionally, if Plaintiff wishes to continue to prosecute this action, he must accompany his response to the Sow Cause Order with a motion for summary judgment.

Accordingly, it is **ORDERED**:

1. Within **fourteen (14) days** from receipt of this Order, Plaintiff shall show cause why this case should not be dismissed for failure to prosecute and/or failure to comply with the Court's March 31, 2022 amended scheduling order.  If Plaintiff fails to respond to this Order, or explain his inability to respond, the undersigned will recommend the District Court dismiss this case without further notice.  If Plaintiff wishes to prosecute this action, he shall accompany his response with a motion for summary judgment.

2. Alternatively, if Plaintiff wishes to voluntary dismiss this case, he shall file a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41 (a) within **fourteen (14) days**.

Dated:   August 9, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE