UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TOMPSON RIGGS, | Case No. 1:20-cv-00940-HBK |
| Plaintiff, | ORDER OF DISMISSAL WITHOUT PREJUDICE[1] |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

This matter comes before the Court upon review of Plaintiff's Response to the Court's Order to Show Cause filed August 31, 2022. (Doc. No. 21). As more fully set forth below, the Court dismisses this case without prejudice.

**I. FACTS AND BACKGROUND**

James Tompson Riggs initiated this action by filing a pro se social security complaint on July 7, 2020. (Doc. No. 1). Plaintiff accompanied his complaint with a motion to proceed *in forma pauperis*. (Doc. No. 2). The Court granted Plaintiff's motion to proceed *in forma pauperis* and a scheduling order issued on July 9, 2020. (Doc. Nos. 3, 5). On January 14, 2021, the Court entered an order directing Plaintiff to show cause why the action should not be dismissed due to Plaintiff's failure to provide the necessary forms for service of process on the

---

[1] The parties consented to the jurisdiction of the assigned United States magistrate judge. (Doc. No. 6).

Commissioner and/or to provide proof of service on the Commissioner.  (Doc. No. 7).   Plaintiff filed a response to the Show Cause Order, explaining his confusion and requesting a limited extension of time to serve the Commissioner.  (*See generally* Doc. No. 8).  The Court granted Plaintiff a limited extension of time and Plaintiff timely completed the forms for service on the Commissioner. (Doc. Nos. 9-11).  This matter thereafter was stayed pursuant to General Order 615.  (Doc. No. 12).

On March 31, 2022, the Court lifted the stay, directed the Commissioner to file the certified administrative record ("CAR") and issued an amended scheduling order.  (Doc. No. 15). On April 25, 2022, the Commissioner lodged the CAR, triggering certain deadlines, including a 45-day deadline by which Plaintiff was to file a motion for summary judgment.  (Doc. No. 16). Plaintiff did not timely do so, or otherwise respond.  (*See* docket).

On August 9, 2022, the Court issued a second order directing Plaintiff to show cause within fourteen days why the action should not be dismissed due to his failure to prosecute.  (Doc. No. 18).  The Court further directed Plaintiff that he must accompany his response to the show cause order with an opening brief or motion for summary judgment if he wishes to prosecute this action.  (*Id.* at 2).  On August 31, 2022, Plaintiff filed a response to the Show Cause Order, but did not accompany his response with an opening brief or a motion for summary judgment.  (Doc. No. 21).  In his one-page response, Plaintiff states he has "developed additional problems with [his] health" since filing for social security benefits.  (*Id.* at 1).  More specifically, Plaintiff states he "had a series of strokes that were TIA's (transient ischemic attack)" and "was hospitalized for 3 days" in November 2019.  (*Id.*).  Plaintiff states he sends "this letter" "so [these additional health problems] can be added to [his] claim to receive disability benefits."  (*Id.*).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of ... a party to comply with … any order of the Court

may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### III.  ANALYSIS

The Court considers each of the above-stated factors and concludes dismissal is warranted in this case.  The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court finds Plaintiff's response to the Court's Order to Show Cause provides no reason for his inordinate delay in moving this case forward.  Although Plaintiff explains he has developed new medical conditions that required a short three-day hospitalization, his hospitalization occurred years before he was required to submit an opening brief in this case.  Further, Plaintiff's "new" disabilities manifested themselves

in November 2019, after the Commissioner issued a decision denying Plaintiff's disability benefits. (*See* Doc. No. 16-1 at 5). Thus, the Court finds that both the first and second favors weigh in favor of dismissal.

Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Here, the risk of prejudice to defendant also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

As to the fourth factor, a preference to rule on the merits usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Plaintiff has not presented any matter on the merits to consider. Plaintiff did not move for summary judgment or otherwise indicate why he believes the Commissioner erred in denying his application for disability benefits thus necessitating the order to show cause. Thus, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Further, a cursory review of the certified administrative record shows the appeal's council reviewed the administrative law judge's February 21, 2019 opinion denying Plaintiff relief because he attempted to raise new evidence from Yang Cao, M.D dated March 22, 2019 and the time period considered ended February 21, 2019. (*See* Doc. No. 16-1 at 5-6). Similarly, Plaintiff's response to the order to show cause includes incidents which occurred even later, in November 2019. (*See* Doc. No. 21). In other words, to the extent Plaintiff believes he has new disabilities stemming from mini strokes occurring in November 2019, on which to base a new claim for disability benefits, as raised in his Response to the Show Cause Order, these issues occurred *after* the Commissioner denied his prior disability claim and were not considered by the Administrative law Judge. The Social Security Administration previously advised Plaintiff

that any evidence dated later than the operative disability period requires Plaintiff to file a new claim for disability benefits. (Doc. No. 16-1 at 6). Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Considering these factors and those set forth *supra*, as well as binding case law, the Court finds dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110 is appropriate. *See J. v. Commissioner of Soc. Sec. Admin.*, No. 3:17-cv-02030-MK, 2018 WL 8577588 (D. Oregon Dec. 12, 2018)(recommending dismissal of social security action for lack of prosecution).

Accordingly, it is **ORDERED**:

1. This action is dismissed without prejudice.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

Dated:    November 18, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5